UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO DELATORRE, CDCR #D-74486,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>RICHARD J. DONOVAN SAN DIEGO STATE PRISON, DR. SHAKIBA, DR. CLAYTON,<br><br>　　　　　　　　　　　Defendants. | Case No. 21cv59-MMA-KSC<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DISMISSING CLAIMS AGAINST R.J. DONOVAN PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1) WITHOUT LEAVE TO AMEND;**<br><br>**DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)** |

　　　On January 11, 2021, Ricardo Delatorre ("Plaintiff" or "Delatorre"), currently incarcerated at Ironwood State Prison ("ISP") located in Blythe, California, and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a);

1

instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

## I.   Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85.

Delatorre has submitted a Prison Certificate signed by an RJD Accounting Officer attesting as to his monthly balances and deposits. *See* Doc. No. 2; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Delatorre had $0.00 in monthly deposits to his account, maintained an average balance of $0.00 in his account over the six month period preceding the filing of his Complaint, and had an available balance of $0.00 to his credit at ISP as of January 5, 2021. *See* Doc. No. 2 at 1; 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 85; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, declines to exact any initial filing fee because his trust account statement shows he now "has no means to pay it," *Bruce*, 577 U.S. 84-85, and directs the Secretary of the CDCR to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id*.

**II.    Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.    <u>Standard of Review</u>

Because Delatorre is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

(discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Plaintiff's Allegations

Delatorre, who is diabetic, claims he woke up early on the morning of December 27, 2019, presumably while housed at R.J. Donovan State Prison ("RJD"), and found a red mark on his hand.  Compl. at 3.  His hand was painful, so when Delatorre went to get his insulin, he states he had the nurse look at it.  The nurse allegedly told Delatorre he was "ok." *Id.*  The next day, Delatorre claims his hand was worse and a nurse sent him to "central health," where he was put on antibiotics. *Id.*  For the next three days, December

29, 2019 to January 1, 2020, Delatorre alleges his hand got worse and he was in significant pain. He claims he submitted medical forms to get Defendants Dr. Shakiba and Dr. Clayton to see him, to no avail.

On January 2, 2020, Delatorre was seen by a nurse. *Id.* at 4. According to Delatorre, the nurse was alarmed at the state of his hand, which he claims was swollen to three times its normal size. She allegedly told Delatorre to "do man down" and pushed the button in order to get medical attention. *Id.* Delatorre alleges the nurse told him it was an emergency situation. He was transported to Alvarado Hospital for treatment. When he returned from the hospital and saw Dr. Shakiba, Delatorre claims Shakiba smiled at the large scar on his hand. Delatorre believes the failure of Dr. Shakiba and Dr. Clayton to treat him was done in retaliation for a grievance he filed against them.

Delatorre states that as a result of all of this, his hand is numb, and he also experiences a tingling and burning sensation. *Id.* at 5. He alleges he can only close his fist to 65% even after physiotherapy. *Id.* Based on these allegations, he brings claims against RJD and Drs. Shakiba and Clayton.

C.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D.   Discussion

Delatorre first claims that all three Defendants violated his Eighth Amendment rights by delaying and denying medical care for a spider bite on his hand. Compl. at 3–4.

Delatorre further claims that Drs. Shakiba and Clayton delayed and denied him medical treatment in retaliation for a 602 grievance he filed against them. *Id.* at 5.

### 1. R. J. Donovan State Prison

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996). CDCR Medical Contracting is not a "person" subject to suit under § 1983 and it is entitled to immunity from suit for monetary damages under the Eleventh Amendment. *Id.*; *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 53–54 (1996); *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) (citing *Hale v. Arizona*, 993 F.2d 1387, 1398–99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983); *see also Dragasits v. California*, No. 3:16-cv-01998-BEN-JLB, 2016 WL 680947, at *3 (S.D. Cal. Nov. 15, 2016) (stating that "[t]he State of California's Department of Corrections and Rehabilitation and any state prison, correctional agency, sub-division, or department under its jurisdiction, are not 'persons' subject to suit under § 1983) (citing *Groten*, 251 F.3d at 851). Therefore, Plaintiff cannot pursue any § 1983 civil rights claims against RJD. *See e.g., Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12, 2017) (stating that "[b]ecause the Solano County Sheriff's Department is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law.").

Accordingly, the Court **DISMISSES** Delatorre's claims against RJD without leave to amend for failure to state a claim upon which relief pursuant to section 1983 may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d 1108, 1112 (9th Cir. 2012).

### 2. Eighth Amendment Claim

Threats to both Plaintiff's safety and health are subject to the Eighth Amendment's demanding deliberate indifference standard. *See Farmer v. Brennan*, 511 U.S. 825, 834,

837 (1994); *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016). "A prison official acts with 'deliberate indifference . . . only if the [official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), overruled on other grounds by *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016)). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. (quoting *Farmer*, 511 U.S. at 837). In addition, a Plaintiff must allege he suffered a physical injury which is more than de minimus. *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); *Fournerat v. Fleck*, 2020 WL 4495483 (C.D. California, July 7, 2020).

Delatorre makes two specific allegations against Drs. Shakiba and Clayton. First, he claims that despite filling out medical forms and requesting medical attention on December 29, 2019, December 30, 2019, and January 1, 2020, neither doctor "call[ed] [him] for medical attention" and he was in pain "every second, minute by minute." Compl. at 3. Second, he claims Drs. Shakiba and Clayton's lack of medical attention "put him at risk to lose [his] hand." *Id.* at 4. But he also notes that after his first visit to the prison medical facilities he was prescribed antibiotics, and on January 2, 2020, Dr. Shakiba examined his hand and sent him to Alvarado Hospital. *Id.* at 3–4. Taken together, these facts do not plausibly rise to the level of an Eighth Amendment violation. *Iqbal*, 556 U.S. at 678. While Delatorre's allegations may be sufficient to suggest Dr. Shakiba was aware that Delatorre's hand was infected, and thus that his health and safety were at risk, they are not sufficient to show he *disregarded* the risk to Delatorre's health and safety. *Toguchi*, 391 F.3d at 1057; *Iqbal*, 556 U.S. at 678.

The allegations against Dr. Clayton are likewise insufficient to state a plausible Eighth Amendment claim. Delatorre does not plausibly allege that Dr. Clayton "drew the inference" that there was a risk to Delatorre's health and safety because he alleges only that Dr. Clayton did not see him in response to his requests for medical attention on

December 28, 29, and 30. *Toguchi*, 391 F.3d at 1057; *Iqbal*, 556 U.S. at 678. Moreover, Delatorre admits he was prescribed antibiotics on December 27 or 28. Compl at 3, 10.

For the foregoing reasons, Delatorre's Eighth Amendment claims against Drs. Shakiba and Clayton must be dismissed for failing to state a claim upon which relief under section 1983 may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d 1108, 1112 (9th Cir. 2012).

### 3. Retaliation

Delatorre alleges Drs. Shakiba and Clayton's delay in treating his hand was in retaliation for a grievance (602) he filed against them. Compl. at 4–5. To state a valid First Amendment retaliation claim, a Plaintiff must assert: (1) a state actor took some adverse action against him, (2) the adverse action was taken because he engaged in some protected conduct, (3) the state actor's acts "would chill or silence a person of ordinary firmness from future First Amendment activities," and (4) the adverse action "did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009), that is "more than minimal." *Rhodes*, 408 F.3d at 568 n.11.

As discussed above, according to Delatorre, he was prescribed antibiotics for his hand on December 27 or 28, 2019. Compl. at 3–5, 10. When he went to the medical clinic two days later on December 30, 2019, he was told that he needed to wait for the antibiotics to begin to work. *Id.* at 10. He was taken to Alvarado Hospital for treatment three days later on January 2, 2020. *Id.* These facts do not plausibly allege that Drs. Shakiba and Clayton took an adverse action against him, i.e., delayed his medical care. *Rhodes*, 408 F.3d at 567–68. Only six days passed between when Delatorre first sought medical attention and when he was treated at Alvarado hospital, and during that time he was prescribed antibiotics. Compl. at 3-5.

//

      Even assuming Delatorre has shown that Drs. Shakiba and Clayton delayed his care, he does not plausibly allege they did so because he engaged in the protected conduct of filing a grievance against them. *Id.*; *Iqbal*, 556 U.S. at 678. "A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) (stating that "[c]ausation is, of course, a required element of a § 1983 claim"). Here, Delatorre simply makes a conclusory allegation that Drs. Shakiba and Clayton retaliated against him, which is insufficient. *Iqbal*, 556 U.S. at 678.

      Accordingly, Delatorre's First Amendment retaliation claims against Drs. Shakiba and Clayton must be dismissed for failing to state a claim upon which relief under section 1983 may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d 1108, 1112 (9th Cir. 2012).

## IV.  Conclusion and Order

    For the reasons explained, the Court:

    1)    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

    2)    **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's trust account the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

    3)    **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or in the alternative by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

    4)    **DISMISSES** Plaintiff's claims against Defendant R.J. Donovan State Prison without leave to amend for failing to state a claim upon which relief may be granted

pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and because amendment would be futile.  The Clerk of Court is **DIRECTED** to terminate Defendant R.J. Donovan from the docket.

  5) **DISMISSES** Plaintiff's claims against Defendants Shakiba and Clayton for failing to state a claim upon which relief may be granted and for seeking monetary damages against Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him sixty (60) days leave from the date of this Order in which to file an Amended Complaint against Drs. Shakiba and Clayton only which cures all the deficiencies of pleading noted.  Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.  Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  See CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

  If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

  If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring

//
//

amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

DATE: May 4, 2021

HON. MICHAEL M. ANELLO
United States District Judge