UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO DELATORRE, CDCR #D-74486,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DR. SHAKIBA and DR. CLAYTON,<br>　　　　　　　　　　Defendants. | Case No. 21cv59-MMA-KSC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)**<br><br>[Doc. No. 4] |

**I.  Procedural History**

On January 11, 2021, Ricardo Delatorre ("Plaintiff" or "Delatorre"), currently incarcerated at Ironwood State Prison ("ISP") located in Blythe, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., Doc. No. 1.  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See* Doc. No. 2.

In his original Complaint, Delatorre claimed that Defendants R.J. Donovan State Prison ("RJD"), Dr. Shakiba, and Dr. Clayton violated his Eighth Amendment rights by

1

delaying and denying medical care. Compl., Doc. No. 1 at 3–4. Delatorre further claimed Defendants Shakiba and Clayton did so in retaliation for a 602 grievance he filed against them. *Id.* at 5. On May 5, 2021, the Court granted Delatorre's Motion to Proceed in Forma Pauperis and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e) and § 1915A. *See* Doc. No. 3. The Court dismissed RJD as a Defendant without leave to amend but as to Drs. Shakiba and Clayton, the Court granted Delatorre leave to file an amended complaint. *See id.* He did so on June 7, 2021. *See* FAC, Doc. No. 4.

## II.   Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.   Standard of Review

Because Delatorre is a prisoner, his First Amended Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Plaintiff's Allegations

In his First Amended Complaint ("FAC"), Delatorre claims his right hand was painful and Defendants Drs. Shakiba and Clayton "wait[ed] [un]til the last minute to send [him] to the hospital." FAC, Doc. No. 4 at 1. Delatorre alleges that when he arrived at Alvarado Hospital, the doctor there asked him "why RJD medical took so long to send you to the hospital?" *Id*. After taking x-rays, the doctor at Alvarado Hospital diagnosed Delatorre with a "big infection" and performed surgery. *Id*. Delatorre states that as a result of the delay in treatment, his hand is numb, and he experiences a tingling and burning sensation. *Id*. He cannot close his fist to "its full capacity" and often drops things when attempting to hold them in his right hand. *Id*. He asserts he is "going to live the rest of my life with my right hand damaged" because Shakiba and Clayton "denied [him] medical attention." *Id*.

C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2)

that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D.  Discussion

Delatorre alleges Drs. Shakiba and Clayton violated his Eighth Amendment rights when they failed to provide prompt and adequate medical care for his hand. FAC, Doc. No. 4 at 1. Threats to both Plaintiff's safety and health are subject to the Eighth Amendment's demanding deliberate indifference standard. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Where a prisoner's constitutional claim is one for inadequate medical care, he must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The plaintiff must first establish a "serious medical need by demonstrating that [the] failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096 (citation omitted). Next, Plaintiff must show that the defendant's response to his objectively serious medical need was deliberately indifferent. *Id*. To establish deliberate indifference, a prisoner must allege facts to show: (1) a purposeful act or failure to respond to the prisoner's pain or possible medical need; and (2) harm caused by the indifference. *Id*. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837).

The allegations raised in the First Amended Complaint are extremely vague.[1] Delatorre states only that Drs. Shakiba and Clayton "waited til the last minute to send me

---

[1] Plaintiff's original Complaint contained specific factual allegations regarding Drs. Shakiba and Clayton that are not re-alleged in the First Amended Complaint. As discussed in the Court's previous Order, an amended complaint must be complete in itself, without reference to any prior pleading, because it replaces the previous complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

to the hospital" for a hand injury. When he finally arrived at Alvarado Hospital, the doctor there examined Delatorre and asked him "why RJD medical took so long to send you to the hospital?" FAC, Doc. No. 4. at 1. Taken together, these facts do not plausibly allege Drs. Shakiba or Clayton violated Delatorre's Eighth Amendment rights. *Iqbal*, 556 U.S. at 678. Even assuming Delatorre's vague allegations are sufficient to suggest Drs. Shakiba and Clayton were aware his hand was injured, Delatorre does not plausibly allege that Drs. Shakiba and/or Clayton "drew the inference" that there was a substantial risk to Delatorre's health and safety. *See Jett*, 439 F.3d at 1096; *Toguchi*, 391 F.3d at 1057; *Iqbal*, 556 U.S. at 678.

For the foregoing reasons, Delatorre's Eighth Amendment claims against Defendants Shakiba and Clayton must be dismissed for failing to state a claim upon which § 1983 can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d 1108, 1112 (9th Cir. 2012).

### III.   Conclusion and Order

For the reasons explained above, the Court **DISMISSES** Plaintiff's First Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint against Defendants Shakiba and Clayton only which cures all the deficiencies of pleading noted. Plaintiff's Second Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file a Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure

to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

DATE: August 11, 2021

HON. MICHAEL M. ANELLO
United States District Judge