UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO DELATORRE, CDCR #D-74486,<br><br>                                  Plaintiff,<br><br>vs.<br><br>DR. SHAKIBA and DR. CLAYTON,<br><br>                                  Defendants. | Case No.:  21-cv-59-MMA (KSC)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)**<br><br>[Doc. No. 6] |

On January 11, 2021, Ricardo Delatorre ("Plaintiff"), a state inmate currently incarcerated at Ironwood State Prison ("ISP") and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1 ("Compl.").  Plaintiff also filed a motion to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a).  *See* Doc. No 2.

In his original Complaint, Plaintiff claimed that Defendants R.J. Donovan State Prison ("RJD"), Dr. Shakiba, and Dr. Clayton violated his Eighth Amendment rights by delaying and denying medical care.  *See* Compl. at 3–4.  Plaintiff further claimed Defendants Shakiba and Clayton did so in retaliation for a 602 grievance he filed against

them. *See id.* at 5. On May 5, 2021, the Court granted Plaintiff's motion to proceed IFP but dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e) and § 1915A. *See* Doc. No. 3. The Court dismissed RJD as a Defendant without leave to amend but as to Dr. Shakiba and Dr. Clayton, the Court granted Plaintiff leave to file an amended complaint. *See id.*

On June 7, 2021, Plaintiff filed a First Amended Complaint ("FAC"). *See* Doc. No. 4. In his FAC, Plaintiff again alleged Shakiba and Clayton violated his Eighth Amendment right to adequate medical case and his First Amendment right to be free from retaliation for filing administrative grievances. On August 11, 2021, the Court dismissed the FAC without prejudice for failing to state a claim upon which § 1983 relief can be granted. *See* Doc. No. 5 at 4–5 (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). The Court granted Plaintiff leave to file a Second Amended Complaint, *see id.* at 5, and he did so on September 9, 2021. *See* Doc. No. 6 ("SAC").

## I. SCREENING PER 28 U.S.C. §§ 1915(E)(2)(B) AND 1915A(B)

### A. Standard of Review

Plaintiff's SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.      42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**C.      Plaintiff's Allegations**

In his SAC, Plaintiff claims he had a "big infection" in his right hand, but that Defendants Dr. Shakiba and Dr. Clayton "ignored" him. *See* SAC at 1. Plaintiff alleges by the time Dr. Shakiba ordered the nurse to transfer him to Alvarado Hospital, "it was too late [and his] hand was real damaged." *Id.* He contends Dr. Shakiba and Dr. Clayton

acted with deliberate indifference in failing to provide him with prompt and adequate care for his hand infection. *See id.*

### D. Discussion

Plaintiff alleges Dr. Shakiba and Dr. Clayton violated his Eighth Amendment rights when the failed to provide prompt and adequate medical care for his hand. *See* SAC at 1. As discussed in this Court's previous dismissal order, threats to both Plaintiff's safety and health are subject to the Eighth Amendment's demanding deliberate indifference standard. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Where a prisoner's constitutional claim is one for inadequate medical care, he must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff must first establish a "serious medical need by demonstrating that [the] failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096 (citation omitted). Next, Plaintiff must show that the defendant's response to his objectively serious medical need was deliberately indifferent. *Id.* To establish deliberate indifference, a prisoner must allege facts to show: (1) a purposeful act or failure to respond to the prisoner's pain or possible medical need; and (2) harm caused by the indifference. *Id.*

The factual allegations raised in the SAC are extremely vague and sparse. Plaintiff states only that Dr. Shakiba and Dr. Clayton "ignored" his complaints about his right hand and delayed sending him to the hospital, resulting in "real damage." *See* SAC at 1. Taken together, these facts do not plausibly allege Dr. Shakiba or Dr. Clayton violated Plaintiff's Eighth Amendment rights. *See Iqbal*, 556 U.S. at 678. Even assuming Plaintiff's vague allegations are sufficient to suggest Dr. Shakiba and Dr. Clayton were aware his hand was injured, he does not plausibly allege that they drew an inference there was a substantial risk to Plaintiff's health and safety. *See Jett*, 439 F.3d at 1096; *Toguchi*, 391 F.3d at 1057; *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff's Eighth Amendment claims against Defendants Dr. Shakiba and Dr. Clayton must be dismissed for failing to

state a claim upon which § 1983 relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d 1108, 1112 (9th Cir. 2012).

## II. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Plaintiff's Second Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  Plaintiff explains had difficulty preparing his SAC because he did not finish school and English is his second language.  *See* Doc. No. 6 at 4.  In light of his pro se status, the Court **GRANTS** Plaintiff **thirty (30) days** leave from the date of this Order to file a Third Amended Complaint against Defendants Dr. Shakiba and Dr. Clayton that cures all the pleading deficiencies noted.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).  Further, the Court **DIRECTS** the Clerk of Court to provide Plaintiff with a blank, court-approved form Third Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983, which includes some basic instructions for pro se litigants, for Plaintiff's use and convenience.  <u>To assist in preparing the amended complaint, the Court recommends Plaintiff used the court-approved form attached to this Order</u>.  Any defendants not named and any claim not re-alleged in his Third Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file a Third Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring

5

21-cv-59-MMA (KSC)

amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: September 27, 2021

HON. MICHAEL M. ANELLO
United States District Judge