UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO DELATORRE, CDCR #D-74486,<br><br>         Plaintiff,<br><br>v.<br><br>DR. SHAKIBA, et al.,<br><br>         Defendant. | Case No. 21-cv-059-MMA (KSC)<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)**<br><br>[Doc. No. 8] |

  On January 11, 2021, Ricardo Delatorre ("Plaintiff"), currently incarcerated at Ironwood State Prison ("ISP") and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 ("Compl."). Plaintiff also filed a motion to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a). *See* Doc. No. 2.

  In his original Complaint, Plaintiff claimed that R.J. Donovan State Prison ("RJD"), Dr. Shakiba, and Dr. Clayton violated his Eighth Amendment rights by delaying and denying medical care. *See* Compl. at 3–4.[1] Plaintiff further claimed Defendants Dr. Shakiba and Dr. Clayton ("Defendants") did so in retaliation for a 602 grievance he

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

filed against them. *See id.* at 5. On May 5, 2021, the Court granted Plaintiff's request to proceed IFP and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e) and § 1915A. *See* Doc. No. 3. The Court dismissed RJD as a Defendant without leave to amend, but as to Defendants, the Court granted Plaintiff leave to file an amended complaint. *Id.*

Plaintiff filed a First Amended Complaint on June 7, 2021. *See* Doc. No. 4. In this Complaint, Plaintiff again alleged Defendants violated his Eighth Amendment right to adequate medical care and his First Amendment right to be free from retaliation for filing administrative grievances. *See id.* On August 11, 2021, the Court dismissed the First Amended Complaint without prejudice for failure to state a claim upon which section 1983 relief can be granted. *See* Doc. No. 5 at 4–5 (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). The Court gave Plaintiff leave to file a Second Amended Complaint and he did so on September 2, 2021. *See* Doc. Nos. 5, 6. The Court dismissed Plaintiff's Second Amended Complaint, for again failure to state a claim, on September 27, 2021, and gave Plaintiff one final opportunity to amend. *See* Doc. No. 7. Plaintiff filed a Third Amended Complaint ("TAC") on October 18, 2021. *See* Doc. No. 8.

## II. Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A. Legal Standard

The TAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). As discussed in this Court's previous orders, under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

    "The standard for determining whether a Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Wilhelm*, 680 F.3d at 1121.

    Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.**    **Plaintiff's Allegations**

    In his TAC, Plaintiff claims he had a "big infection" in his right hand. Doc. No. 8 at 3. Plaintiff alleges he submitted CDC-7362 Request for Health Care Services forms on December 29, 2019, December 30, 2019, and January 1, 2020, but Defendants ignored the requests.[2] *See id.* Plaintiff states he did not get to see medical staff for "six days." *Id.* When Plaintiff saw a nurse at RJD,[3] she told him it was an "emergency" and brought

---

[2] Plaintiff does not specify what information he included in the request forms and does not allege that Defendants personally received or reviewed the forms. *See* TAC at 3–8.

[3] Plaintiff fails to state what date he was seen by the RJD nurse and Dr. Shakiba and/or the date he was transferred to Alvarado Hospital.

in Dr. Shakiba, who ordered Plaintiff be taken to Alvarado Hospital. *Id.* at 4. When Plaintiff arrived at Alvarado Hospital, the doctor there asked him "why did [RJD doctors] take so long to the hospital?" *Id.* at 4. Doctors at Alvarado Hospital performed surgery on Plaintiff's hand the next day. *See id.* Plaintiff contends that the delay in treating his infection caused him to suffer permanent damage to his hand. *See id.* He states it was "unprofessional" for Defendants to "ignore me when I was looking for medical care." *Id.* at 3. He contends Defendants acted with deliberate indifference in failing to provide him with prompt and adequate care for his hand infection. *See id.* at 3–5, 8.

### C.    42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D.    Discussion

Plaintiff alleges Defendants violated his Eighth Amendment rights when they failed to provide prompt and adequate medical care for his hand. *See* Doc. No. 8 at 3. As discussed in this Court's previous dismissal orders, threats to both Plaintiff's safety and health are subject to the Eighth Amendment's demanding deliberate indifference standard. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Where a prisoner's constitutional claim is one for inadequate medical care, he must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The plaintiff must first establish a "serious medical need by demonstrating that

[the] failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096 (citation omitted). Next, Plaintiff must show that the defendant's response to his objectively serious medical need was deliberately indifferent. *See id.* To establish deliberate indifference, a prisoner must allege facts to show: (1) a purposeful act or failure to respond to the prisoner's pain or possible medical need, and (2) harm caused by the indifference. *Id.*

The factual allegations raised in the TAC are insufficient to state a claim for deliberate indifference. Plaintiff states only that Defendants "ignored" his requests seeking medical care for six days. Doc. No. 8 at 4. He does not allege, however, that Defendants were aware of the condition of Plaintiff's hand when he asked to see a doctor. Based on the allegations in the TAC, it appears Dr. Shakiba first saw Plaintiff when the nurse summoned him after examining Plaintiff's hand. Plaintiff fails to state the exact date the exam took place but concedes Dr. Shakiba ordered to have him transferred to Alvarado Hospital shortly after the examination. Moreover, it is unclear whether Dr. Clayton ever examined Plaintiff's hand prior to surgery. Taken together, these facts do not plausibly allege either Defendant violated Plaintiff's Eighth Amendment rights. *Iqbal*, 556 U.S. at 678.

Even assuming Plaintiff's vague allegations are sufficient to suggest Defendants were aware his hand was injured, he does not plausibly allege either Defendant drew an inference that there was a substantial risk to Plaintiff's health and safety by waiting six days to examine his hand. *See Jett*, 439 F.3d at 1096; *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2001); *see also Iqbal*, 556 U.S. at 678. To the extent Plaintiff argues Defendants were "unprofessional" and "negligent," he fails to state an Eight Amendment claim. *See Toguchi*, 391 F.3d at 1060; *see also Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) ("Mere medical malpractice does not constitute cruel and unusual punishment.") (citation omitted); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation).

For the foregoing reasons, Delatorre's Eighth Amendment claims against Defendants must be dismissed for failing to state a claim upon which section 1983 relief can be granted. *See* 28 U.S.C. § 1915€(2)(B)(ii); *Watison*, 668 F.3d 1108, 1112 (9th Cir. 2012).

**E.     Leave to Amend**

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend." quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995))); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted)).

## II. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which section 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The Court **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). Further, the Court **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  October 28, 2021

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge